# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME ANN ZOROYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-456 |
| | ) | |
| OFFICER HILLIARD, | ) | Judge Lancaster |
| JOSEPH J. POPOVICH, | ) | Magistrate Judge Hay |
| WEST MIFFLIN, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

This action filed pursuant to 42 U. S. C. § 1983 has its genesis in a 2005 motor vehicle accident. The Plaintiff, Jaime Ann Zoroya ("Zoroya" or "the Plaintiff") contends that police officer Hilliard ("Hilliard") falsely charged her with a traffic offense after she was involved in a collision with a car driven by the daughter of Hilliard's fellow officer, Joseph J. Popovich ("Popovich"). Zoroya contends that Hilliard engaged in and Popovich acquiesced to a sham investigation culminating in Zoroya's citation for a motor vehicle offense. In her complaint, Zoroya alleges that the actions of these officers deprived her of rights under the First and Fourteenth Amendments to the United States Constitution, specifically, the right to freedom of association, the right to travel, and the right to be free from arbitrary, capricious and conscious shocking behavior on the part of those acting under color of state law. Because the Plaintiff has failed to state a claim for violation of any of the rights asserted, the court respectfully recommends that the Defendants' pending Motion to Dismiss (Doc. 3) be granted.

## II. REPORT

### 1. BACKGROUND

The facts underlying this matter are uncomplicated. On May 15, 2005, Zoroya was driving on Commonwealth Avenue near Homeville Road in West Mifflin, Pennsylvania when her car collided with or was hit by a vehicle driven by sixteen year old Samantha Jo Popovich. The police were summoned, and Defendant Hilliard responded. According to Zoroya, Hilliard "falsely concluded that Plaintiff was speeding, that her vehicle struck the Popovich vehicle, and that she was otherwise at fault for such automobile accident." (Doc. 1 at 3). Hilliard charged her with driving at an unsafe speed. He did so without any reasonable basis and because "the driver of the other vehicle was the daughter of Defendant Popovich. . . . ." Id. at 1. Officer Popovich is alleged to have known of and agreed to Hilliard's "concocted investigation." Id. at 3. Both officers are identified as employees and agents of West Mifflin, and Popovich is alleged to have acted "in conformance with the custom, policies and practices of [the municipality], and/or [to have been] the policy maker for the West Mifflin police department." Id. at 2.

The Plaintiff was found not guilty of violating the motor vehicle code, and, on April 4, 2007, filed this action.

### 2. STANDARD OF REVIEW

In evaluating a Motion to Dismiss, the Court must accept as true all allegations set out in the Complaint, and view all reasonable factual inferences in the light most favorable to the non-moving party. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A claim is vulnerable under Fed. R. Civ. P. 12(b)(6) unless it alleges "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955,

1974 (2007). The complaint must include enough detail "to raise a right to relief beyond the speculative level." Id. At 1967.

### 3. ANALYSIS

"The first issue in a § 1983 case is whether a plaintiff [has established] a deprivation of any right secured by the constitution." D. R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1367 (3d Cir. 1992). The Defendants contend that the Zoroya has failed to state a claim for violation of any of her constitutional rights and, as a result, the Complaint should be dismissed. The Court agrees. The sixteen paragraph complaint adequately recites the historical facts. It does not even begin to suggest, however, how those facts might plausibly give rise to a constitutional claim. The constitutional claims - which are laid out in one brief paragraph - are conclusory at best, amounting to nothing more that a statement that each right was violated. Even accepting all of the facts alleged as true and according Zoroya the benefit of all reasonable inferences that can be drawn from those facts, it is impossible for the court to discern any basis, much less a plausible basis, for the Plaintiff's assertion that she has suffered infringement of a constitutional right.

In her Brief in Reply to the Motion to Dismiss (Doc. 8), Zoroya attempts to correct the deficiencies in her complaint by articulating a theoretical basis for her constitutional claims. The court, however, will not attempt here to analyze arguments made in her Brief. It is well established that a plaintiff may not attempt to amend her complaint through a brief in opposition to a motion to dismiss. See Commonwealth of Pa. ex. rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988). If the Plaintiff is able to articulate a plausible basis for her claims, she must do so by amending the Complaint.

## III. CONCLUSION

Because the Plaintiff has failed to allege facts sufficient to state a plausible claim for relief, the Motion to Dismiss the Complaint (Doc. 3) should be granted without prejudice to her right to amend.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 10 January, 2008

cc: Hon. Gary L. Lancaster
United States District Judge

All counsel of record by Notice of Electronic Filing